[780 NYS2d 914]

In the Matter of KRISTIE VELASCO, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 23, 2004

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Forrest Strauss* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated January 5, 2004, the respondent was suspended from the practice of law pursuant to 22 NYCRR 691.4 (*l*) (1) (i) and (ii) based on a finding that she was guilty of professional misconduct immediately threatening the public interest, authorized the petitioner to institute and prosecute a disciplinary proceeding against the respondent, and referred the issues to the Honorable Jerome M. Becker, as Special Referee, to hear and report. The petitioner now moves to find the respondent in default with respect to the petition of charges served upon her and to impose such discipline upon her as the Court deems just and proper.

The order to show cause seeking to immediately suspend the respondent, along with the petition, was personally served on the respondent at her place of business in New Rochelle. Another copy was personally served upon her at her New Jersey residence by agents of the Office of Attorney Ethics for the Supreme Court of New Jersey (hereinafter the OAE).

At the respondent's request, the return date of the motion was adjourned approximately one month to December 1, 2003, to afford her time to obtain new counsel. Notwithstanding the courtesy extended to her by the Court, the respondent failed to either submit a response to the petitioner's pending motion or request a further adjournment.

On February 3, 2004, the petitioner served a copy of this Court's order dated January 5, 2004, upon a person of suitable age and discretion at the respondent's last known place of business. On February 4, 2004, the petitioner mailed a copy of the order to that address. Copies were served upon the Special Referee on February 11, 2004.

In addition, on February 11, 2004, agents of the OAE personally served the respondent with the January 5, 2004, order and the petition at her New Jersey residence. By the terms of this Court's decision and order on motion, the respondent's time to serve and file her answer to the petition expired on February 23, 2004. The respondent did not submit an answer.

On March 2, 2004, the petitioner served a copy of its motion to impose discipline upon the respondent's default upon a person of suitable age and discretion at her place of business. The next day, the petitioner mailed a copy of the motion to the respondent at that same address. On March 22, 2004, a disciplinary investigator for the OAE unsuccessfully attempted to serve the respondent personally at her New Jersey address. He left a copy of the motion in her mailbox in a sealed envelope marked personal and confidential.

The respondent has not responded to the petitioner's motion.

Accordingly, the motion is granted, the charges in the petition are deemed established, and, effective immediately, the respondent is disbarred on default, and her name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and SCHMIDT, JJ., concur.

Ordered that the motion to impose discipline upon the respondent based upon her failure to appear or answer is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Kristie Velasco, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Kristie Velasco, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Kristie Velasco, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Kristie Velasco, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and she shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).